RILEY, Chief Judge,
concurring in the judgment.
This is an unusual case with unusual facts. A flawed forfeiture prosecution by the U.S. Attorney for the District of North Dakota erroneously altered the relationship between Bala and Racing Services’s bankruptcy estate regarding Bala’s life insurance policy. Though not faultless, neither Bala nor the bankruptcy trustee are truly to blame for this predicament. The trustee, as he should, seeks to maximize the bankruptcy estate. Bala understandably seeks to return to the position nearest the one she held before the forfeiture proceedings.
The difficult question at this point is: Who has a superior claim to the cash proceeds of Bala’s insurance policy under the unusual circumstances of this case? Whose position will improve at the expense of the other? For slightly different reasons, the bankruptcy court and the Bankruptcy Appellate Panel decided the bankruptcy estate should recover the cash proceeds to reimburse the premiums Racing Services paid. Although their rationales are not without merit, I am unable to agree with their conclusions. As the majority explains, the plain language of paragraph 2.a of the collateral assignment agreement gave Racing Services limited rights in the “cash surrender proceeds” of the policy only “upon surrender of the policy by the Assignor [Bala].” (Emphasis added). Because that condition was not satisfied on the unusual facts of this case under North Dakota law, the bankruptcy estate never obtained rights to the policy proceeds, and Bala has the superior claim to the liquidated cash value of her policy. Based on the plain language of the assignment agreement, I concur in the decision to reverse the grant of summary judgment to the trustee.